UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA CIVIL RIGHTS DEPARTMENT, et al.,<br><br>　　　　　Defendants. | No. 2:25–cv–02425–TLN-SCR<br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff is proceeding pro se in this matter, which is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). The Court now recommends that Plaintiff's motion to proceed in forma pauperis ("IFP") (ECF No. 2) be DENIED and the action be dismissed without prejudice. The Court also addresses Plaintiff's other pending motions.

　　　　Plaintiff filed her complaint and the motion for IFP on August 25, 2025. ECF Nos. 1 & 2. On September 24, 2025, this Court issued an order finding that the motion makes an insufficient showing to proceed in forma pauperis. ECF No. 7. The Court noted that the motion (ECF No. 2) referred to a sealed motion, but that neither contained the required financial information. ECF No. 7. The order dated September 24 also advised Plaintiff that she referenced a financial affidavit, but one had not been submitted. ECF No. 7. The Clerk was directed to send Plaintiff a form application to proceed IFP, and Plaintiff was directed to supplement her IFP motion within 14 days. Plaintiff did not respond.

1

On October 10, 2025, the Court issued a second order stating that Plaintiff had not complied with the Court's order dated September 24. ECF No. 8. The Court sua sponte allowed Plaintiff an additional 14 days to supplement her IFP motion or to pay the filing fee. Plaintiff was warned that if she failed to respond the Court would recommend dismissal and cited to Federal Rule of Civil Procedure 41(b) and Local Rule 110. Plaintiff's response was due by October 24, 2025. Plaintiff has still not supplemented her motion or paid the filing fee.

As the Ninth Circuit has recognized "one need not be absolutely destitute to obtain benefits" of the IFP statute. *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). However, "a plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty." *Id.* Plaintiff has provided insufficient information in support of her motion and has not complied with the Court's order to supplement the motion. Plaintiff has also not paid the filing fee. Plaintiff's action thus may not proceed. *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999) ("An action may proceed despite failure to pay the filing fees only if the party is granted IFP status.").

Despite the need to dismiss this case, the Court also substantively addresses Plaintiff's motion to seal (ECF No. 6). Plaintiff requests that the Court seal documents containing Plaintiff's personal identifying and sensitive financial information. ECF No. 6 at 1. This includes her motion to proceed IFP (ECF No. 2), to e-file (ECF No. 3), to proceed under a pseudonym (ECF No. 4), and for a TRO (ECF No. 5).

The Court starts "with a strong presumption in favor of access to court records," *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Accordingly, a request to seal material must normally meet the high threshold of showing that "compelling reasons" support secrecy. *Id.* (citing *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). However, for non-dispositive records like the ones that Plaintiff seeks to seal— particularly in a case that is being dismissed without having even started due to Plaintiff's non-responsiveness—a "good cause" standard is sufficient. *See Kamakana*, 447 F.3d at 1179-80. Plaintiff has minimally furnished such good cause and sealing is accordingly appropriate.

1 | Plaintiff's other motions should be denied as moot.

2 | Accordingly, **IT IS HEREBY RECOMMENDED** that:

3 | 1. Plaintiff's motion to proceed IFP (ECF No. 2) be DENIED;

4 | 2. Plaintiff's motion to seal (ECF No. 6) be GRANTED, and Plaintiff's motion to proceed IFP (ECF No. 2), to e-file (ECF No. 3), to proceed under a pseudonym (ECF No. 4), and for a TRO (ECF No. 5) be maintained under seal;

7 | 3. All other pending motions (ECF Nos. 3, 4, & 5) be DENIED AS MOOT;

8 | 4. This action be dismissed without prejudice; and

9 | 5. The Clerk be directed to enter Judgment and close this case.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen days** after being served with these findings and recommendations, either party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 30, 2025.

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE