UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA CIVIL RIGHTS DEPARTMENT, et al.,<br><br>　　　　Defendants. | No. 2:25-cv-02425-TLN-SCR<br><br>ORDER |

Plaintiff is proceeding pro se in this matter, which is referred to the undersigned by Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Before the Court are six pending motions, including Plaintiff's motion for leave to proceed in forma pauperis ("IFP"). ECF No. 2; *see* 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action "without prepayment of fees or security" by a person that is unable to pay such fees). Plaintiff has also filed: 1) a motion to e-file; 2) a motion to proceed under pseudonym; 3) a motion for temporary restraining order (TRO); and 4) two motions to seal. (ECF Nos. 3, 4, 5, 6, & 10).

As brief background, Plaintiff alleges that she filed a complaint with the California Civil Rights Department ("CCRD"). ECF No. 1 at 4. Plaintiff further alleges that a CCRD investigator altered Plaintiff's statements after meeting with Plaintiff, falsely alleged that she made a video recording in a women's locker room, and omitted reference to the race of Hispanic custodial staff—Plaintiff's alleged harassers—from the narrative of Plaintiff's complaint to CCRD. *Id*.

1

1  Plaintiff alleges that these actions violated various of her federal constitutional and statutory
2  rights.
3       The Court now denies Plaintiff's motion for IFP and directs Plaintiff to file a renewed
4  motion for IFP or pay the filing fee.  The Court also denies Plaintiff's motion to e-file, motion to
5  proceed under pseudonym, and motions to seal.  The Court will defer consideration of the motion
6  for TRO and screening of Plaintiff's complaint under 28 U.S.C. § 1915 until after Plaintiff's IFP
7  status is resolved.

**Background and Procedural History**

9       Plaintiff commenced this action on August 25, 2025, by filing a complaint.  ECF No.1.
10 The Court issued an order on September 24, 2025, informing Plaintiff that her motion to proceed
11 IFP contained insufficient information, and that a financial affidavit mentioned in the motion was
12 not attached.  ECF No. 7.  The order directed Plaintiff to supplement her IFP application within
13 14 days.  Plaintiff did not respond.
14      On October 10, 2025, the Court issued a second order which directed Plaintiff to
15 supplement the IFP application or pay the filing fee by no later than October 24, 2025.  ECF No.
16 8.  Plaintiff again did not respond.  Accordingly, the Court issued Findings and
17 Recommendations ("F&R") on October 30, 2025, recommending the motion for IFP status be
18 denied and the action dismissed.  ECF No. 9.
19      Between October 30, 2025 and December 1, 2025, the Court received notice that mail to
20 Plaintiff had been returned.  Plaintiff is under a continuing obligation to keep the Court apprised
21 of her address.  Local Rule ("LR") 182(f).  A party's failure to update their address may lead to
22 dismissal for failure to prosecute.  LR 183(c).  On December 8, 2025, Plaintiff filed a notice of
23 change of address and stated that she had not received the Court's prior orders.
24      Accordingly, the Court will VACATE its F&R (ECF No. 9) which recommended the
25 action be dismissed, and will address Plaintiff's pending motions.

**ANALYSIS**

27 **I.   Plaintiff's Motion for IFP (ECF No. 2)**
28      Plaintiff has not adequately supported her motion to proceed IFP.  The Ninth Circuit has

1  recognized "one need not be absolutely destitute to obtain benefits" of the IFP statute. *Escobedo*
2  *v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). However, "a plaintiff seeking IFP status must
3  allege poverty with some particularity, definiteness and certainty." *Id.* (internal citation and
4  quotation omitted). The Court informed Plaintiff her motion lacked sufficient information to
5  determine whether she qualifies for IFP status, and directed the Clerk to send her the standard IFP
6  application. ECF No. 7. However, due to Plaintiff's failure to update her address, Plaintiff may
7  not have received the order and application. Plaintiff's pending motion for IFP status remains
8  insufficient, and is DENIED without prejudice.

9  Plaintiff now makes a supplemental statement (ECF No. 11), which appears to maintain
10 that she qualifies for IFP status, but also states that she can pay. Plaintiff states she is requesting
11 an accommodation to pay by credit card. ECF No. 11 at 1. Plaintiff does not require an
12 accommodation or court order to pay via credit card; she may do so by contacting the Clerk's
13 office. Alternatively, if Plaintiff believes she qualifies for IFP status, she may make a renewed
14 motion and fully complete the IFP application. The Court will direct another copy of the IFP
15 application be sent with this Order, and Plaintiff will be allowed 21 days to file the renewed
16 motion or pay the filing fee.

17     **II.**     **Plaintiff's Motion to E-File (ECF No. 3)**

18 Plaintiff proceeds pro se and has filed a motion for permission to file documents
19 electronically through the Court's CM/ECF system, rather than in paper format as generally
20 required of pro se litigants. ECF No. 3. Plaintiff declares her request to e-file is for the purpose
21 of filing numerous documents that will be "voluminous and time sensitive." *Id*. at ¶ 1. The
22 Court's local rules provide that "any person appearing pro se may not utilize electronic filing
23 except with the permission of the assigned Judge or Magistrate Judge." LR 133(b)(2).

24 This Court's local rule recognizes, as do similar local rules in other Districts, the
25 difficulties that can ensue for both pro se litigants and Court staff when pro se litigants attempt to
26 use e-filing. *See*, *e.g.*, *Baker v. IC Sys., Inc*., No. CV-08-8091-PCT-DGC, 2008 WL 4186166, at
27 1 (D. Ariz. Sept. 9, 2008) (denying motion to e-file and stating the "Court's policy is to require
28 pro se litigants to submit documents in paper form so that the Clerk's Office can insure that the

1  documents are properly filed"). Plaintiff's indication that she intends to file a "voluminous"
2  amount of documents (ECF No. 3 at 1) does not demonstrate good cause for e-filing, and in fact
3  weighs against allowing such filing. Voluminous filings signal to the Court the potential for
4  abuse if electronic filing is permitted. *See*, *e.g.*, *Omoregie v. Boardwalk Auto Ctr., Inc.*, No. C
5  07-3884 PJH, 2008 WL 4792643, at 2 (N.D. Cal. Oct. 31, 2008) ("The docket is not a bulletin
6  board for the private use of litigants."). It also does not appear that there is anything particularly
7  time sensitive at issue in this lawsuit, which centers on a state agency's document retention
8  policies.

9  Plaintiff's request for electronic case filing does not present good cause to deviate from
10 the default under the Local Rules. The request to participate in electronic case filing is DENIED.

**III.    Plaintiff's Motion to Proceed Pseudonymously (ECF No. 4)**

12  Plaintiff has filed a motion to proceed under a pseudonym. ECF No. 4. In her motion
13 Plaintiff argues that exceptional circumstances warrant pseudonym protection because of the
14 nature of the allegations contained in Plaintiff's state agency investigation. *Id*. at 3. Plaintiff
15 argues there is a credible risk of retaliation and further harm because the allegation was in the
16 context of a civil rights complaint and could encourage further defamation, impair Plaintiff's
17 ability to seek and obtain future employment, and invite targeted online harassment. *Id*.

18  In litigation, the presumption is that parties will use their real names and their
19 identity "should not be concealed except in an unusual case, where there is a need for the cloak of
20 anonymity." *United States v. Doe*, 488 F.3d 1154, 1156 n.1 (9th Cir. 2007). Nevertheless, parties
21 may proceed anonymously when "special circumstances justify secrecy." *Does I thru XXIII v.*
22 *Advanced Textile Corp*., 214 F.3d 1058, 1067 (9th Cir. 2000). Specifically, parties may use
23 pseudonyms "in the unusual case when nondisclosure of the party's identity is necessary to
24 protect a person from harassment, injury, ridicule or personal embarrassment." *Id*. at 1067-68
25 (internal quotation marks and citation omitted).

26  The Ninth Circuit has identified three situations in which parties have been allowed to
27 proceed anonymously: (1) when identification creates a risk of retaliatory physical or mental
28 harm; (2) when anonymity is necessary to preserve privacy in a matter of a sensitive and highly

4

personal nature; and (3) when the anonymous party is compelled to admit their intention to engage in illegal conduct, thereby risking criminal prosecution. *Id*. at 1068. "[A] party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id*. Whether to allow a party to proceed anonymously is a "discretionary decision" for this Court. *Id*.

Here, Plaintiff describes in conclusory terms the harm she would suffer in revealing her identity, arguing she would suffer a credible risk of retaliation, defamation, and harassment which would impair her ability to seek and obtain future employment. ECF No. 4 at 3. When assessing the need for anonymity, courts consider (1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; (3) the anonymous party's vulnerability to retaliation; (4) prejudice to the opposing party, and (5) the public interest. *Advanced Textile Corp.,* 214 F.3d at 1068 (citations omitted). When considering a plaintiff's request to proceed anonymously, a court's key inquiry is whether the plaintiff has made a showing that any generalized social stigma involved in the disclosure of their identity would reach the severity that courts have found sufficient to allow a plaintiff to proceed under a fictitious name. *See Dep't of Fair Emp. & Hous. v. L. Sch. Admission Council, Inc.*, No. C-12-1830 EMC, 2012 WL 3583023, at 3 (N.D. Cal. Aug. 20, 2012) (surveying cases).

Plaintiff alleges that proceeding in her true name may subject her to defamation, harassment, impair her ability to seek and obtain future employment and invite targeted online harassment given the nature of the allegations and personal circumstances involved. ECF No. 4 at 3. But Plaintiff's assertions are merely conclusory, and are not rooted in specific facts that support such statements.

A generalized fear of retaliation is not sufficient to proceed anonymously. For example, in *Newell v. Newsom*, the Ninth Circuit affirmed the district court's decision to deny a request to proceed anonymously, despite Newell's claim that he had been fired and remained unemployed because of his participation in the lawsuit. No. 23-55611, 2025 WL 957508, at 1 (9th Cir. Mar. 31, 2025). The Ninth Circuit found that Newell's claimed harm was similar to "typical retaliatory

methods" and he had not shown he was uniquely harmed or rendered vulnerable. *Id*. Similarly, neither a generalized fear of loss of employment nor a generalized fear of economic injury constitutes severe harm warranting anonymity. *See, e.g., Exotic Dancers v. Spearmint Rhino*, No. CV 08-4038ABCSSX, 2009 WL 250054, at 2 (C.D. Cal. Jan. 29, 2009) (holding that "threats of termination and blacklisting" against plaintiffs filing under their true names were not unusual circumstances meriting pseudonymity); *United States v. Air Indus. Corp.*, No. 812CV02188JVSRNB, 2016 WL 11515131, at 1 (C.D. Cal. Oct. 24, 2016) (explaining that "simply making less money because of retaliation is not enough" to proceed pseudonymously). In any event, Plaintiff fails to offer any meaningful facts showing that mere participation in this lawsuit would hamper employment prospects.

Plaintiff further argues that the nature of her complaint involving a civil rights investigation and an allegation that plaintiff engaged in video recording in a private women's locker room warrants proceeding under a pseudonym. ECF No. 4 at 3. Plaintiff's articulations are unreasonable and fall short of the specific, severe circumstances that warrant anonymity. That a plaintiff "may suffer some embarrassment or economic harm is not enough to warrant pseudonymity." *Exotic Dancers*, 2009 WL 250054 at 3 (citation and quotation omitted). Plaintiff's conclusory allegations of potential harms are unsubstantiated and are not of the sensitive and highly personal nature protected in other cases. *Compare Advanced Textile*, 214 F.3d at 1068 (foreign workers who feared deportation); *Roe v. Wade*, 410 U.S. 113, 93 S. Ct. 705, 35 L. Ed. 2d 147 (1973) (abortion); *Doe v. United Serv. Life Ins. Co.*, 123 F.R.D. 437 (S.D.N.Y. 1988) (sexual orientation); *Doe v. Lally*, 467 F. Supp. 1339 (D. Md. 1979) (prison rape); *Doe v. Carleson*, 356 F.Supp. 753 (N.D. Cal. 1973) (illegitimacy and paternal abandonment); with *Spearmint Rhino* (denying four former exotic dancers anonymity despite their interest in keeping private their previous occupations).

Although Plaintiff has made an attempt to establish a need for anonymity, the Court must consider the "public's common law right of access to judicial proceedings" that is firmly established and creates a presumption against anonymity. *Doe v. Cty. of El Dorado*, No. 2:13-CV-01433-KJM, 2013 WL 6230342, at 5 (E.D. Cal. Dec. 2, 2013) (quoting *Advanced Textile*,

214 F.3d at 1067); *see also U.S. v. Stoterau*, 524 F.3d 988, 1013 (9th Cir. 2008) ("Identifying the parties to the proceeding is an important dimension of publicness. The people have a right to know who is using their courts."). Plaintiff's vague reference to a generalized, potential harm is insufficient to justify the "unusual case" where protecting a party's identity is necessary. *Advanced Textile Corp,* 214 F.3d at 1068. Plaintiff fails to demonstrate a threat of harm greater than the typical plaintiff and has not demonstrated a need for anonymity. The request to proceed pseudonymously will be DENIED.

### IV. Plaintiff's Motions to Seal (ECF No. 6 & 10)

Plaintiff also filed a motion requesting the Court to seal documents containing Plaintiff's personal identifying and sensitive financial information. ECF No. 6 at 1. This includes her motion to proceed IFP (ECF No.2), to e-file (ECF No. 3), to proceed under a pseudonym (ECF No. 4), and for a TRO (ECF No. 5). In her lodged motion to seal, Plaintiff argues that her filings contain information regarding income, assets, benefits, true name, home address, and that public disclosure would be unnecessarily intrusive. Plaintiff's second motion to seal seeks to file notice of her change of address under seal. ECF No. 10.[1]

Requests to seal documents in this district are governed by Local Rule 141. Local Rule 141 provides that documents may only be sealed by a written order of the court after a specific request to seal has been made. Rule 141(a). However, a mere request to seal is not enough. Local Rule 141(b) requires that "[t]he 'Request to Seal Documents' shall set forth the statutory or other authority for sealing[.]" Local Rule 141(b).

The Court starts "with a strong presumption in favor of access to court records". *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). There is a strong presumption in favor of access "based on the need for federal courts, although independent — indeed, particularly because they are independent — to have a measure of accountability and for

---

[1] The Court notes that the "renewed motion to file notice of change of address under seal" (ECF No. 10) itself contains Plaintiff's new address. Thus, Plaintiff's intended purpose in seeking to file the change of address under seal—after already disclosing it in the sealing motion—is perplexing.

7

the public to have confidence in the administration of justice." *Id*. (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir.1995)).  A request to seal material must normally meet the high threshold of showing that "compelling reasons" support secrecy.  *Id*. (citing *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)).

The proponent of sealing bears the burden of overcoming the presumption in favor of access to court record.  *Kamakana*, 447 F.3d at 1178.  Compelling reasons for sealing may exist where "court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (citation and quotation omitted).  A lesser standard applies when the court is considering sealing documents in the context of a non-dispositive motion: "The public policies that support the right of access to dispositive motions, and related materials, do not apply with equal force to non-dispositive materials."  *Id*.  "A 'good cause' showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions." *Id*. at 1180.

Plaintiff's motions do not seek to seal documents attached to dispositive motions or documents produced in discovery.  Instead, Plaintiff seeks to seal portions of her documents that contain her name, address, and/or financial information.  Plaintiff does not meet the compelling reasons or good cause standard for sealing.  Plaintiff simply states that her filings contain personal information, but so do all IFP applications, and lawsuits.  *Raiser v. City of Upland*, No. 11-cv-00465-RGK (RZ), 2014 WL 12696753, at 1 (C.D. Cal. Mar. 17, 2014) ("[V]irtually every lawsuit and IFP application contain some 'personal information,' but that alone is not grounds for sealing."); *see also Firsov by & Through Firsov v. Church of Scientology of Silicon Valley*, No. 25-CV-03265-SVK, 2025 WL 2263003, at 1 (N.D. Cal. July 8, 2025) (declining request to see IFP applications).  Plaintiff's motions to seal (ECF Nos. 6 & 10) are DENIED.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. The Court's prior Findings and Recommendations (ECF No. 9) are hereby VACATED.
2. Plaintiff's motion for IFP (ECF No. 2) is DENIED without prejudice.  Plaintiff shall

file a renewed motion for IFP or pay the filing fee **within 21 days** of the date of this Order.

3. Plaintiff's motion to e-file (ECF No. 3) is DENIED.

4. Plaintiff's motion to proceed under pseudonym (ECF No. 4) is DENIED.

5. Plaintiff's motions to seal (ECF Nos. 6 & 10) are DENIED.

6. The Clerk shall update Plaintiff's address on the docket sheet to 1900 Half Street SW, #648, Washington DC 20024.  The Clerk shall also serve Plaintiff with a copy of form AO 240 Application to Proceed without Prepaying Fees or Costs.

IT IS SO ORDERED.

DATED: December 29, 2025.

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

9