1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JANE DOE,                                    No.  2:25–cv–02425–TLN–SCR

12                     Plaintiff,

13          v.                                      FINDINGS AND RECOMMENDATIONS

14    CALIFORNIA CIVIL RIGHTS
      DEPARTMENT, et al.,
15
                       Defendants.
16

17

18          Plaintiff is proceeding pro se in this matter, which is referred to the undersigned pursuant

19   to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  The Court now recommends that Plaintiff's

20   action be dismissed for failure to pay the filing fee and pursuant to Rule 41(b) for failure to

21   comply with Court orders and prosecute this action.

22          **I.      Procedural History**

23          Plaintiff filed her complaint and a motion to proceed *in forma pauperis* ("IFP") on August

24   25, 2025.  ECF Nos. 1 & 2.  On September 24, 2025, this Court issued an Order finding that the

25   IFP motion made an insufficient showing to allow Plaintiff to proceed IFP.  ECF No. 7.  The

26   Court noted that the IFP motion (ECF No. 2) referred to a sealed motion, but that neither

27   contained the required financial information.  ECF No. 7.  The order also informed Plaintiff that

28   she referenced a financial affidavit, but one had not been submitted.  ECF No. 7.  The Clerk was

                                                    1

1  directed to send Plaintiff a form application to proceed IFP, and Plaintiff was directed to

2  supplement the IFP motion within 14 days.  Plaintiff did not respond.

3        On October 10, 2025, the Court issued a second order stating that Plaintiff had not

4  complied with the Court's order.  ECF No. 8.  The Court sua sponte allowed Plaintiff an

5  additional 14 days to supplement her IFP motion or to pay the filing fee.  Plaintiff was warned

6  that if she failed to respond, the Court would recommend dismissal and cited to Federal Rule of

7  Civil Procedure 41(b) and Local Rule 110.  Plaintiff's response was due by October 24, 2025.

8  Plaintiff did not supplement the IFP motion or pay the filing fee.  Accordingly, on October 30,

9  2025, the Court issued Findings and Recommendations (ECF No. 9) recommending that the IFP

10  motion be denied and the action dismissed without prejudice.

11        The Court then received notice that the mailing of some of its prior orders had been

12  returned as undeliverable because Plaintiff had apparently failed to update the Court as to her

13  current address.[1]  On December 8, 2025, Plaintiff filed a notice of change of address and a

14  statement concerning payment of the filing fee in which she stated that she was willing to comply

15  with the Court's order to submit the filing fee and that she would like to pay via credit card.  ECF

16  Nos. 10 & 11.  On December 29, 2025, the Court issued an order vacating the prior F&R (ECF

17  No. 9) and directing Plaintiff to pay the filing fee within 21 days or file a renewed IFP motion.

18  ECF No. 13.  The order responded to Plaintiff's request for permission to pay with a credit card

19  by stating: "Plaintiff does not require an accommodation or court order to pay via credit card; she

20  may do so by contacting the Clerk's office."  *Id*. at 3.

21        The December 29, 2025 order required Plaintiff to pay the filing fee or file a renewed IFP

22  motion by no later than January 19, 2026.  ECF No. 13 at 8-9.  Instead, on January 22, 2026,

23  Plaintiff filed a "request for ruling" in which she again requested permission to pay by credit card

24  and stated that she "does not seek a fee waiver."  ECF No. 14 at 2.  The Court issued a Minute

25  Order (ECF No. 15) again informing her that she could pay by credit card and granting her an

26  _____

27  [1] Litigants have an obligation to keep the Court informed as to their current address.  *See* Local
Rule 182(f).  If mail is returned as undeliverable and the party "fails to notify the Court and
opposing parties within thirty (30) days thereafter of a current address, the Court may dismiss the

28  action without prejudice for failure to prosecute."  Local Rule 183(b).

extension to February 12, 2026, to do so.  The Order provided that no further extensions of the deadline would be granted, and that "[i]f Plaintiff fails to pay the filing fee, the Court will recommend the action be dismissed." *Id.*

## II.    Analysis

The Court now recommends that Plaintiff's action be dismissed for failure to pay the filing fee, and for failure to comply with Court orders and failure to prosecute pursuant to Rule 41(b). As the Ninth Circuit has recognized "one need not be absolutely destitute to obtain benefits" of the IFP statute.  *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). However, "a plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty." *Id.*  Plaintiff has provided insufficient information in support of her motion and has not complied with the Court's order to file a renewed IFP motion.  Plaintiff then indicated she has the means to pay the filing fee, but has not so paid.  Plaintiff's action thus may not proceed. See *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999) ("An action may proceed despite failure to pay the filing fees only if the party is granted IFP status.").

Additionally, Plaintiff has failed to comply with the Court's orders and to move this action forward.  The Court has considered the five factors set forth in *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992), and concludes that dismissal is appropriate.  In considering whether to dismiss a claim under Rule 41(b), the Court considers: 1) the public's interest in expeditious resolution of litigation; 2) the court's need to manage its docket; 3) the risk of prejudice to defendants; 4) the availability of less drastic alternatives; and 5) the public policy favoring disposition of cases on their merits.  *Id.* at 1260-61.

### 1.  Public's interest in expeditious resolution of the litigation

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).  This action was filed six months ago, and Plaintiff has still not paid the filing fee.  This factor weighs in favor of dismissal.  *See Pagtalunan v. Galaza*, 291 F.3d 639, 641 (9th Cir. 2002) ("Given Pagtalunan's failure to pursue the case for almost four months, this factor weighs in favor of dismissal.").

////

3

1      **2.   Court's need to manage its docket**

2      In evaluating this factor, the trial court "is in the best position to determine whether the

3 delay in a particular case interferes with docket management." *Pagtalunan*, 291 F.3d at 642.

4 This case has been on the Court's docket for six months. Despite Plaintiff not submitting a

5 complete motion for IFP or paying the filing fee, the Court has spent meaningful time addressing

6 several procedural motions filed by Plaintiff. The Court also prepared Findings and

7 Recommendations (ECF No. 9) that it later vacated when it became apparent that Plaintiff had not

8 kept her address updated and may not have received the F&R or other orders. This factor weighs

9 in favor of dismissal.

10      **3.   Risk of prejudice to defendants**

11      In evaluating this factor, the Court considers whether "plaintiff's actions impaired

12 defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the

13 case." *Pagtalunan*, 291 F.3d at 642. Limited delays and the pendency of a lawsuit are

14 insufficient to establish prejudice. *Id.* However, "[u]nnecessary delay inherently increases the

15 risk that witnesses' memories will fade and evidence will become stale." *Id.* at 643. The

16 allegations in the lawsuit involve the time period from 2023 to 2025. ECF No. 1 at 4. The Court

17 finds this factor weighs only minimally in favor of dismissal.

18      **4.   Availability of less drastic alternatives**

19      The Court has considered the availability of less drastic alternatives. The Court has

20 granted Plaintiff extensions and offered the opportunity to supplement and then renew her motion

21 for IFP. The Court has warned that failure to comply with orders would result in dismissal. ECF

22 Nos. 8 & 15. The most severe approach would be to dismiss the action with prejudice, however

23 the Court concludes that the less drastic alternative of dismissal without prejudice is appropriate.

24 This factor weighs in favor of dismissal.

25      **5.   Public policy favoring disposition of cases on the merits**

26      "Public policy favors disposition of cases on the merits." *Pagtalunan*, 291 F.3d at 643.

27 This factor generally always weighs against dismissal, and some cases have stated it "strongly

28 counsels against dismissal." *Allen v. Bayer Corp. (In re Phenylpropanolamine Prods. Liab.*

1  *Litig.*), 460 F.3d 1217, 1228 (9th Cir. 2006).  However, "this factor 'lends little support' to a party

2  whose responsibility it is to move a case toward disposition on the merits but whose conduct

3  impedes progress in that direction."  *Id.*   The Court finds this factor weighs against dismissal.

**III.   Conclusion**

5      The Court finds upon consideration of the *Ferdik* factors that dismissal of the action

6  without prejudice is appropriate.  Dismissal without prejudice is also supported by Plaintiff's

7  failure to pay the filing fee.

8      Accordingly, **IT IS HEREBY RECOMMENDED** that:

9      1.  The Court dismiss the complaint and this action without prejudice;

10     2.  The motion for temporary restraining order (ECF No. 5) be DENIED AS MOOT; and

11     3.  The Clerk be directed to enter judgment and close this file.

12     These findings and recommendations will be submitted to the United States District Judge

13  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen days**

14  after being served with these findings and recommendations, either party may file written

15  objections with the court.  The document should be captioned "Objections to Magistrate Judge's

16  Findings and Recommendations."  The parties are advised that failure to file objections within the

17  specified time may result in waiver of the right to appeal the district court's order.  *Martinez v.*

18  *Ylst*, 951 F.2d 1153 (9th Cir. 1991).

19  Dated: February 23, 2026.

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE